EDWIN TOMLINSON, Respondent, *v.* MICHAEL SPENCER, Appellant.

Under our statute, no person can be excluded as a witness on account of interest in the event of the action, unless he may be a party, or one for whose immediate benefit the action is prosecuted or defended.

In a suit, therefore, by an endorsee against the maker of a note, the endorser not being a party, is a competent witness for the plaintiff. where it does not appear that the suit is prosecuted for his immediate benefit.

An agent is a competent witness to testify as to his authority in the performance of acts for his reputed principal.

And the fact that such agent appears by his own testimony to be a secret partner with the principal, will make no difference.

A release of the endorser of a note by the endorsee, such endorsee being a secret partner of the maker, will not release the maker.

Where the plaintiff had no knowledge until the trial, that a third party was a secret partner of the defendant, the non-joinder of such third party cannot be objected to by the defendant.

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

The cause was tried by the Court below without a jury, who found the facts as stated in the opinion of this Court.

*Tilford, Magraw* and *Wills*, for Appellant.

. 1.   The witness, Stanton, was incompetent to testify, as he clearly was an interested party. 3 Serg. & R., 406.   1 Harris, 650.   5 Hill, 82.   13 N. H., 203.   16 Johns., 89.   1 Gr. Ev., § 177, 395.   2 Ib., §484.   3 Cal., 302.

2.   By the plaintiff's own showing, Stanton was a joint promissor, as well as an endorser, and as such was discharged by the general release. A release, by the holder, of one joint drawer, or endorser, or acceptor, whether they are partners or not, will discharge all the joint parties; for such a release is a complete bar to any joint suit, and no separate suit can be maintained in such a case.   In short, when the debt is ex-

tinguished as to one, it discharges all, whether the parties intended it or not.   Story on Bills, § 431.

*Geo K. Platt,* for Respondent.

1.   It is no objection to the competency of a witness that he is a party to the same bill or note, unless he be directly interested in the event of the suit, and be called in support of such interest.   Ch. on Bills, 673.   1 Bull. N. P., 289.   1 Ph. Ev., 145.   1 Gr. Ev., § 416. Bent *v.* Baker, 3 T. R., 27.   Jordaine *v.* Eastbrooke, 7 Ib., 601.   4 Stark. Ev., 298.   3 N. H., 115.

2.   It was not necessary that Stanton should have been made a co-defendant; for although the testimony discloses that he was a secret partner, it is not shown that the knowledge of this fact was brought home to the plaintiff.   Ch. on Bills, 43.   1 Collyer on Part,, 411.   U. S. Bank *v.* Burney, 5 Mason, 272.   Palmer *v.* Stevens, 1 Denio, 471, 481.

BRYAN, J., delivered the opinion of the Court.   MURRAY, C. J., concurred.

It appears from the record in this cause, that C. H. Stanton, claiming to be a secret copartner of Spencer, the appellant, in the transaction of business at Union—the business being conducted in the name of Spencer,—negotiated a promissory note for $500, drawn by him as Spencer's authorized agent, in the name of Spencer as maker, payable to himself, and endorsed to respondent, Tomlinson.   The Court below finds that Stanton was a secret partner of Spencer in the mercantile business.   That Spencer attended to the sales at Union, and that Stanton remained at San Francisco for the purpose of purchasing goods, with which to supply the trade at Union; and that the note in question was given for money borrowed of plaintiff, and that a large share of the money so borrowed, was actually paid out by said Stanton for merchandise, which was forwarded by him to Spencer, at Union, and was there sold for the benefit of said parties.

It is objected, that Stanton, who was introduced as a witness, after being released upon his endorsement by the plaintiff below, was incompetent to testify as to his copartnership with Spencer; and incompetent, for the purpose of establishing his authority, to bind Spencer by

the making of the note, upon the ground of his interest in the transaction.

The general rule as laid down in Chitty on Bills, p. 669, is thus stated: "That it is no objection to the competency of a witness, that he is also a party to the same bill, or note, unless he be directly interested in the event of the suit, and be called in support of such interest, or unless the verdict, to obtain which his testimony is offered, would be admissible evidence in his favor in another suit."

In this State the rule has been much enlarged; and no person shall be excluded as a witness on account of interest in the event of the action or proceeding, unless he may be a party to the proceeding, or one for whose immediate benefit it is prosecuted or defended. Cal. Laws, 1851, pp 113 and 114. The endorser in this cause is not a party, nor does it appear that the action is prosecuted for his immediate benefit. From the necessities of commercial and business transactions, it has been found necessary to admit an agent to testify as to his authority in the performance of acts for his reputed principal. That the agent, as in this case, should subsequently appear, by his own testimony, to be a secret partner in business with the party for whom he acted, would make no difference in the application of the rule as to third persons. If it was intended as a partnership transaction, the remedy of Spencer is against his partner.

It is also objected by counsel, that the release of Stanton by plaintiff, from all liability on account of his endorsement of the note, would (the fact being conceded that they were copartners,) operate as a release of the firm. Were this the case, from the fact that the release only applies to the endorsement, it could by no rule of construction release the maker of the note.

As to the further objection, that Stanton, being a secret copartner, he should have been made a party to the suit,—it does not appear from the record that the plaintiff had any knowledge of that fact until the trial of the cause. In the absence of such information being brought home upon him, he could only look upon Stanton as the ordinary payee of a note which he had endorsed to plaintiff for value received.

The judgment of the Court below must be affirmed, with costs.